**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| EILEEN T. ADAMS<br><br>　　　　Appellant,<br><br>　　v.<br><br>NATIONSTAR MORTGAGE, LLC,<br><br>　　　　Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 22-06256-KMW<br><br>**OPINION** |

APPEARANCES:

DAVID A. KASEN, ESQ.
KASEN & KASEN
SOCIETY HILL OFFICE PARK – SUITE #3
1874 E. MARLTON PIKE
CHERRY HILL, NJ 08003

　　*Counsel for Appellant Eileen T. Adams*

ANDREW M. LUBIN, ESQ.
MCCABE, WEISBERG & CONWAY, P.C.
216 HADDON AVENUE, SUITE 201
WESTMONT, NJ 08108

　　*Counsel for Appellant NationStar Mortgage, LLC*

**WILLIAMS, District Judge:**

## I. INTRODUCTION

This matter arises out of a state foreclosure action and related proceedings in the United States Bankruptcy Court for the District of New Jersey ("USBC"). The Court has carefully considered the parties' submissions and, pursuant to Local Civil Rule 78.1, decides the matter without oral argument. For the following reasons, the Court AFFIRMS the USBC's Order.

## II. BACKGROUND AND PROCEDURAL HISTORY

This matter concerns the real property located at 32 Timberline Drive, Voorhees, New Jersey 08043 (the "Property"), which was originally conveyed to Appellant and her husband on December 17, 2004. Resp. Br. at 1. On June 19, 2008, they conveyed the property to Appellant's father, John J. Tierney II, who became the mortgagor on a note secured against the property when he borrowed $360,000.00 from AmTrust Bank on May 4, 2009. *Id.*

The parties dispute the path of ownership the note and mortgage took after John Tierney II died and when the original bank failed and was placed into receivership, both events occurring in 2009. *Id.*; *see also* App.'s Br. at 4. John J. Tierney II bequeathed the Property back to Appellant "free and clear of all liens and encumbrances," however, at that time, the mortgage lien still existed and therefore Appellant took the Property subject to the mortgage. *Id.* at 1-2; *see also* App.'s Br. at 4.

Appellant argues that the mortgage was never sold or validly transferred and remains owned by Fannie Mae. App.'s Br. at 4-5. Appellee argues that the mortgage was appropriately assigned through Mortgage Electronic Registration Systems, Inc. ("MERS") to EverBank and then to Nationstar Mortgage by August 2016. Resp. Br. at 1.

By August 2013, the mortgage loan fell into default and was left uncured, and EverBank filed

2

its foreclosure complaint in the Superior Court of New Jersey on August 26, 2014. Resp. Br. at 2. On March 21, 2017, the case was resolved in favor of EverBank. Resp. Br. at 2. That same day, Appellant and her husband filed a Chapter 7 Bankruptcy Petition in the USBC, which resulted in the discharge of their personal liability in June of 2017, and the case was dismissed in September of 2017. Resp. Br. at 2. On January 8, 2018, Appellant filed a Chapter 13 Bankruptcy Petition, and on September 6, 2018, the USBC granted Appellant limited relief from stay to litigate the foreclosure judgment in state court. Resp. Br. at 2. From there, Appellant then exhausted her state court remedies: the state court ultimately denied her motion for reconsideration on January 15, 2019, (in January of 2019 Plaintiff also voluntarily withdrew her first Chapter 13 Bankruptcy Petition she filed in 2018), on July 15, 2020, the Appellate Division affirmed the trial court's order, and on October 20, 2020, the Supreme Court of New Jersey denied Appellant's Petition for Certification. App. Br. at 9-10; Resp. Br. at 2.

Appellant's husband filed a Chapter 13 Bankruptcy Petition, and on December 29, 2021, he filed a motion for an automatic stay which was denied on March 24, 2022, and resulted in no discharge. Resp. Br. at 3. On April 26, 2022, Appellant filed another Chapter 13 Bankruptcy Petition to which Appellee filed a motion for relief on August 15, 2022. Resp. Br. at 3. On October 14, 2022, Appellee's motion was granted, lifting the automatic stay against the Property. Resp. Br. at 3. On October 25, 2022, Appellant filed the instant appeal. Resp. Br. at 3.

### III. LEGAL STANDARD

This Court has jurisdiction under 28 U.S.C. §158(a). With regard to bankruptcy appeals, "the nature of the issues presented on appeal determines the proper standard of review." *Farzan v. Bayview Loan Servicing LLC*, No. 20-03330, 2021 WL 613843 at *3 (D.N.J. Feb. 17, 2021) (internal citations and quotations omitted). Legal determinations are reviewed *de novo*, while a

bankruptcy court's factual determinations are reviewed under the clearly erroneous standard. *See Sovereign Bank v. Schwab*, 414 F.3d 450, 452 n.3 (3d Cir. 2005).

Here, Appellant objects to the legal conclusion reached by the USBC in its Letter Opinion issued on December 29, 2021, that stated the *Rooker-Feldman* Doctrine bars subject matter jurisdiction over the issue of Appellee's standing. App. Br. at 10. Such requires the Court to review the issue of standing *de novo*. *See Farzan*, 2021 WL 613843 at *3 (citing *In re Farrington*, No. 17-26505, 2019 WL 1149881 at *3 (D.N.J. Mar. 11, 2019) (applying *de novo* review when a bankruptcy court invoked the *Rooker-Feldman* Doctrine)).

## IV. DISCUSSION

Appellee argues that Appellant cannot challenge Appellee's standing because it has been argued before, and decided by, the state court in proceedings that preceded this appeal. Resp. Br. at 5. Specifically, the *Rooker-Feldman* Doctrine prevents "lower federal courts. . . from exercising appellate jurisdiction over final state-court judgments[.]" *See Lance v. Dennis*, 546 U.S. 459, 463 (2006). The *Rooker-Feldman* Doctrine is specific to cases brought by those who have lost in state court "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In other words, this Court cannot "grant the federal plaintiff the relief sought, [if] the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual." *Jones v. New Jersey*, No. 13-4485, 2014 U.S. Dist. LEXIS 90315 at *4 (D.N.J. Jun. 30, 2014). There are four requirements that must be met for the *Rooker-Feldman* Doctrine to apply:

> (1) the federal plaintiff lost in state court;

> (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments";
> (3) those judgments were rendered before the federal suit was filed; and
> (4) the plaintiff is inviting the district court to review and reject the state judgments.

*Kajla v. Cleary*, 821 Fed. App'x 119, 121 (3d Cir. 2020) (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010)). Most importantly for the instant matter, the doctrine equally applies to federal bankruptcy courts. *Dahlgren v. Palone*, No. 10-1988, 2010 WL 5287411 at *5 (D.N.J. Dec. 16, 2010) (citing *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2006)).

However, Appellant argues that the holding of *In Re Miller v. Deutsche Bank Nat'l Trust Co.*, 666 F.3d 1255 (10th Cir. 2012) provides that the *Rooker-Feldman* Doctrine would not preclude this Court from addressing the alleged issue of Nationstar's standing. App. Br. at 14-16. *In Re Miller*, however, is readily distinguishable from the instant case.

### A. *In Re Miller v. Deutsche Bank Nat'l Trust Co.*

As the court in *In Re Miller* notes, the *Rooker-Feldman* Doctrine did not apply in its case because the state court's finding of "standing" was not part of a final judgment. *Id.* at 1261-62. The Colorado Rules of Civil Procedure 120 ("CRCP 120") specifically limits the effect of the determinations made in such proceedings: "The Colorado Court of Appeals has stated that proceedings pursuant to C.R.C.P. 120 are not adversarial in nature, are not final, and generally no appeal may be taken to review the resulting orders." *Id.* at 1262 (internal quotations and citations omitted). Thus, in accordance with the findings made by the court of *In Re Miller*, such proceedings inherently do not have preclusive effect. *Id.* The rest of the analysis regarding whether Deutsche Bank was a "creditor" pursuant to the Bankruptcy Code specifically interpreted

5

Colorado law: "[w]ithin the context of a bankruptcy proceeding, state law governs the determination of property rights." *Id.*[1]

Here, Appellant is appealing from a final judgment from the New Jersey state courts which addressed Appellant's standing argument on the merits at both the trial and appellate level which was affirmed by the New Jersey Supreme Court. *See EverBank v. Tierney*, No. A-2435-18T2, 2020 WL 3980393 (N. J. App. Div. Jul. 15, 2020), *aff'd* 244 N.J. 315 (2020). This stands in stark contrast to the non-final, non-adversarial, and non-appealable proceedings pursuant to CRCP 120 that the Millers challenged. *In Re Miller*, 666 F.3d at 1262.

Further, Colorado law defines standing in this context differently than New Jersey law. Colorado requires that for a person or entity to have standing, such person or entity must possess the original note. *Id.* at 1263-64. Deutsche Bank did not have possession of the Note, nor did they have a certification that would absolve them from that requirement in *In Re Miller*. *In Re Miller*, 666 F.3d at 1264-65. In contrast, possession of the Note *or* an assignment of the mortgage that predated the original complaint confers standing pursuant to controlling New Jersey law. *See Deutsche Bank Trust Co. Americas v. Angeles*, 428 N.J. Super. 315, 318 (App. Div. 2012). The trial court found that EverBank had both possession of the Note and a valid assignment of the mortgage, the appellate court discussed explicitly the validity of the assignment of the mortgage, and the Supreme Court of New Jersey affirmed the appellate court. *See EverBank v. Tierney*, No. A-2435-18T2, 2020 WL 3980393 at *2, 4 (N. J. App. Div. Jul. 15, 2020), *aff'd* 244 N.J. 315 (2020).

---

[1] Further, the *In Re Miller* court also declined to address the issue that the standing requirement under CRCP 120 from which the Millers were contesting is not the same as the statutory standing required for a creditor to seek relief from a stay pursuant to Bankruptcy Code § 362(d) (defining a "party in interest"). *Id.* at 1261 n 5.

It is clear that *In Re Miller* is distinguishable from the instant case and that the *Rooker-Feldman* Doctrine could be applicable to the final judgment rendered by the New Jersey courts because Appellant wants this Court to "look at the bona fides of the prior judgment," and is not merely relitigating an issue determined in a prior state case. *Phila. Entm't & Dev. Partners, LP v. Dep't of Revenue*, 879 F.3d 492, 503 (3d Cir. 2018). Thus, the Court must evaluate whether the *Rooker-Feldman* Doctrine applies to this case.

### B. Applicability of the *Rooker-Feldman* Doctrine

There are four requirements that must be met for the *Rooker-Feldman* Doctrine to apply, each will be discussed in turn below.

#### i. Has the federal plaintiff lost in state court?[2]

Here, Appellant has lost in state court. Appellant's underlying state case, *EverBank v. Tierney*, No. A-2435-18T2, 2020 WL 3980393 (N. J. App. Div. Jul. 15, 2020), *aff'd* 244 N.J. 315 (2020), argued that EverBank did not have standing to contest the Bankruptcy stay and foreclose upon the Property at issue. As noted above, the issue of standing was decided on the merits at both the trial and appellate level before the Supreme Court of New Jersey affirmed the appellate court decision in October of 2020.

#### ii. Does the plaintiff "complain of injuries caused by [the] state-court judgments?"

Here, Appellant complains of injuries caused by the state court judgments: that the mortgage being foreclosed upon in both the state court and federal court proceedings was, and still is, invalidly assigned and that Appellant has no valid claims against her. *See* App. Br. at 7; Reply Br.

---

[2] The Court notes that this case has meandered through the state and bankruptcy courts since 2013, however, the Court focuses its *Rooker-Feldman* analysis to the latest series of final state court judgments that resolved in 2020 with the affirmation by the Supreme Court of New Jersey.

7

at 5. Simply put, Appellant continues to challenge the sale of the Property pursuant to the foreclosure judgment.

### iii. Were the state court judgments rendered before the federal suit was filed?[3]

On October 25, 2022, Appellant appealed the USBC decision to this Court. The underlying USBC case was filed on April 26, 2022. The Supreme Court of New Jersey affirmed the decision of the state appellate court on October 20, 2020. *See EverBank v. Tierney*, 244 N.J. 315 (2020). The Court is satisfied that the state court judgments were rendered before the federal suit was filed.

### iv. Is the plaintiff inviting the district court to review and reject the state court judgments?

Here, Appellant is directly requesting the district court to review and reject the state court judgments. Just as Appellant argued in *EverBank v. Tierney*, No. A-2435-18T2, 2020 WL 3980393 at *4 (N. J. App. Div. Jul. 15, 2020), the Appellant contends that MERS did not have authority to assign the mortgage after AmTrust Bank failed in 2009. *See* App. Br. at 5, 18, 20; Reply Br. at 8. The state trial court heard and decided this argument on the merits: "Adams argued EverBank lacked standing to bring the foreclosure action because it possessed neither the note or a valid assignment of the mortgage before it filed its complaint. . . [and] contended the assignment of mortgage to EverBank was invalid because AmTrust, whose on behalf MERS purported to act, no longer possessed an interest in the mortgage because of the FDIC-NYCB agreement." *Id* at *2. The state trial court explicitly rejected this attack on standing. *Id*. The state trial court also denied the standing argument again on the merits when Appellant sought reconsideration and found that EverBank was the holder of the note and plainly rejected the challenge to the assignment of the mortgage "finding that AmTrust's failure did not deprive MERS of the power to assign the

---

[3] *See* n.2.

mortgage to EverBank." *Id.* The state appellate court addressed this exact argument again and concluded that "the fact that AmTrust may not have existed in 2013 does not necessarily mean MERS lacked authority to transfer the mortgage, as MERS was the nominee not only of AmTrust, but also its successors and assigns." *Id.* at 4. The state appellate court declined to disturb the trial court's decision, and its decision was affirmed by the New Jersey Supreme Court. *EverBank v. Tierney, aff'd* at 244 N.J. 315 (2020).

All four of the required *Rooker-Feldman* Doctrine factors are satisfied in this case. Therefore the USBC was correct to deny Appellant's December 21, 2021 motions. Thus, this Court must dismiss this appeal due to lack of jurisdiction pursuant to the applicability of the *Rooker-Feldman* Doctrine and any further challenge regarding standing of Appellee must be raised in state court. *Timm v. New Jersey*, No. 18-9769, 2018 WL 2972509 at *2 (D.N.J. Jun. 13, 2018).

## V. CONCLUSION

For the reasons set forth above, the Court AFFIRMS the USBC's Order. An Order consistent with this Opinion will be entered.

January 4, 2024

KAREN M. WILLIAMS, U.S.D.J.